UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CURTIS MAURICE HUNTER,<br><br>        Petitioner,<br><br>        v.<br><br>STU SHERMAN, Warden,<br><br>        Respondent. | Case No. CV 17-01281-GW (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Motion to Dismiss, the Opposition, the Supplemental Opposition, the other records on file herein, the Report and Recommendation ("R&R") of the United States Magistrate Judge, the Objections to the R&R ("Obj."), and Petitioner's "Motion to Request Court Order to Issue Subpoena to Social Provider to Release Document Evidence" ("Motion for Discovery") filed on December 19, 2017. Having engaged in a de novo review of those portions of the R&R to which objections have been made, the Court concurs with and accepts the findings and recommendation of the Magistrate Judge.

The Court finds Petitioner's objections are largely conclusory and have been addressed in the R&R. Petitioner primarily objects to the Magistrate Judge's failure to conduct an evidentiary hearing prior to recommending that the Petition be denied. The Court briefly addresses this objection.

Petitioner requested an evidentiary hearing on his claim of actual innocence, contending that such hearing was warranted to allow the Court to make credibility determinations. The Magistrate Judge recommended that this request be denied. Petitioner challenges this decision, contending that an evidentiary hearing would "close the gaps of lacking evidence, made clear already existing evidence, and would have produced more reliable or probative evidence than the evidence presented." (Obj. at 5.)

As explained in the R&R, a claim of actual innocence requires the petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (quoting Schlup, 513 U.S. at 329) (alteration in original). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327.

The Ninth Circuit has explained that "a habeas petitioner should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" Stewart v. Cate, 757 F.3d 929, 941 (9th Cir. 2014) (as amended) (citation omitted). In considering a request for an evidentiary hearing in support of an actual innocence claim, courts "may consider how the timing of the submission and the likely credibility of the

affiants bear on the probable reliability of that evidence." Schlup, 513 U.S. at 331-32.

While a showing of diligence is not a "threshold" requirement, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Perkins, 569 U.S. at 399. In the present case, Petitioner has been aware of the factual predicate underlying his actual innocence claim since at least 2007, at the time of trial. Yet, Petitioner did not raise an actual innocence claim until 2016, approximately nine years after his conviction. Petitioner does not provide an adequate explanation for this significant delay. The Court finds that Petitioner has not demonstrated diligence in his initial factual development of his actual innocence claim. See Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002) (as amended).

In any event, even assuming Petitioner's new evidence is credible, the new evidence is insufficient to demonstrate Petitioner is actually innocent. Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. First, the emails from private investigator Brian Holmes do not demonstrate that the victims were never threatened or that Diana Lewis's ("Lewis") testimony was false, let alone prove Petitioner's innocence. Second, victim Shawn Turner ("Turner") previously recanted his identification of Petitioner at trial. Even assuming his affidavit bolstered his previous testimony at trial, substantial additional evidence of guilt was presented independent of Turner's identification. Given the other evidence, Turner's affidavit would not make it "more likely than not that no reasonable juror would have found [P]etitioner guilty beyond a reasonable doubt." Id. Finally, Kyse Chandler's ("Chandler") affidavit does not constitute compelling evidence of Petitioner's

3

innocence. Because Chandler did not witness the shooting, his affidavit "is of little weight in the actual innocence analysis." See Jones v. Taylor, 763 F.3d 1242, 1249 (9th Cir. 2014). Accordingly, an evidentiary hearing is not necessary.

Finally, Petitioner filed the Motion for Discovery (Dkt. 29) requesting the Court issue a subpoena to Myspace, seeking evidence to support his contention that Lewis fabricated evidence that her son was threatened.

"[T]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993) (as amended). "Rather, discovery is available only in the discretion of the court and for good cause shown." Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (as amended); see also Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts; Campbell, 982 F.2d at 1358 ("The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court.").

As explained, Petitioner has been aware of the factual basis for this contention since 2007. He has had over ten years to gather evidence of his innocence. Petitioner's speculation that exculpatory evidence might be uncovered through a subpoena to Myspace falls short of demonstrating good cause to warrant discovery in this action. A habeas petitioner may not "use federal discovery for fishing expeditions to investigate mere speculation." Calderon v. U.S. Dist. Court for the N. Dist. of Cal., 98 F.3d 1102, 1106 (9th Cir. 1996); see also Kemp v. Ryan, 638 F.3d 1245, 1260 (9th Cir. 2011); Rich, 187 F.3d at 1067. Accordingly, Petitioner's discovery request is denied.

IT IS THEREFORE ORDERED that:
    1. Respondent's Motion to Dismiss is GRANTED (Dkt. 19);
    2. Petitioner's request for an evidentiary hearing is DENIED;

3. Petitioner's Motion for discovery is DENIED (Dkt. 29); and
4. Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated: February 1, 2018

_____
GEORGE H. WU
United States District Judge